**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LANDSTAR GLOBAL LOGISTICS, INC.,

        Plaintiff,

vs.                                              Case No. 3:08-cv-1212-J-32JRK

TOTAL TRANSPORTATION SERVICE, LLC,
a Delaware limited liability company, et al.,

        Defendants.

## **ORDER**[1]

Plaintiff Landstar Global Logistics, Inc. (Landstar) filed this suit in the Fourth Judicial Circuit Court, Duval County, on November 13, 2008, against Total Transportation Service, LLC, and several others[2] (Defendants) raising claims of breach of contract and breach of fiduciary duty[3]. The Defendants removed the case to this Court on December 17, 2008. (Doc. 1.) The Defendants filed Answers on December 22, 2008 (Docs. 9 - 13.) and December 30, 2008. (Doc. 19.) On January 7, 2009, the Defendants filed a motion for leave to file an Amended Notice of Removal. (Doc. 20.) On January 16, 2009, Landstar filed a

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2]The other defendants are Total Transportation Services, LP, Transload Shippers, Inc., Northcoast Logistics, Inc., L. Quigley Logistics, and the individuals Tamara L. Pisors, David Graves, David Miller, Mark C. Suddreth, Lee Quigley, Edward Blankenship, and Nancy E. Blankenship.

[3]The Complaint lists thirteen total counts, among them also Tortious Interference with Advantageous Business Relationships, Civil Theft, and Conversion. (Doc. 2.)

motion to remand. (Doc. 23.)  On January 27, 2009, Defendants filed a motion to transfer venue.  (Doc. 28.)  On February 2, 2009, Defendants filed a motion to strike Landstar's January 26, 2009 Response in Opposition re Motion for Leave to File Amended Notice of Removal. (Doc. 30.)  Responses to these motions have been filed (Doc. 26[4], Doc. 29, Doc. 32, Doc. 41, and Doc. 42), and the motions are now ripe.  The Court heard argument on March 16, 2009, the record of which is incorporated by reference.  The parties were then given leave to file supplemental briefs on the Motion to Remand, which they have done (Doc. 48 and Doc. 49).

Motion to Remand

Landstar argues that Defendants' timely notice of removal is deficient either because it establishes that diversity of citizenship does not exist, or because it fails to meet Defendants' burden of alleging all facts necessary to establish federal diversity jurisdiction.

Landstar contends that because both Landstar and Total Transportation Service, LLC (TTS, LLC) are incorporated[5] in the state of Delaware, no diversity exists.  However, an LLC "is not, without more, a citizen of the state that created the entity." Lewis v. Seneff, No. 6:07-cv-1245-Orl–22DAB, 2008 WL 3200273 (M.D. Fla. Aug. 5, 2008).  Instead, for diversity purposes, the citizenship of an LLC depends on the citizenship of each member composing the organization.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d

---

[4]The motion to strike this response is **denied**.

[5]In their Notice of Removal (Doc. 1) and Amended Notice of Removal (Doc. 20), Defendants allege that "Defendant TTS is a limited liability corporation [sic] existing under the laws of the state of Delaware."

2

1020, 1021-22 (11th Cir. 2004). While Landstar suggests that two Eleventh Circuit authorities offer a different approach from Rolling Greens, the Court is not persuaded. First, Landstar's reading of MacGinnitie v. Hobbs Groups, LLC, 420 F.3d 1234 (11th Cir. 2005) is strained, for a close look at that case does not show that the Eleventh Circuit analyzed an LLC's citizenship based on the "entity citizenship" rule applicable to corporations. Instead, the Court analyzed the citizenship of an entity, originally registered as an LLC, that had been bought by another corporation and turned into a holding company for the purchasing corporation well before the action was brought in court. MacGinnitie, 420 F.3d at 1237. The Court reasoned that the citizenship of this entity should be based on its place of business, which was now in the same state as the purchasing corporation. Id. at 1230. Second, Landstar cites Henderson v. Washington National Insurance Co., 454 F.3d 1278 (11th Cir. 2006) for the proposition that the Eleventh Circuit applied the "entity citizenship" rule for corporations to an LLC. However, although one of the parties in that case was an LLC, its citizenship was not at issue and the Court neither states nor discusses the LLC's citizenship. Henderson, 454 F.3d at 1280 n.1. Thus, the Court will follow Rolling Greens.

Landstar alternatively contends that because Defendants' notice of removal failed to allege the citizenship of every beneficiary of the RC Matney Amended and Restated Living Trust dated December 13, 1993 (which is a member of TTS, LLC, as well as a partner in the Matney Family Investment Business LP, itself a member of TTS, LLC) and the Matney Family Revocable Investment Management Trust dated December 20, 1999,[6] it has failed

---

[6]The Court notes that in the Amended Notice of Removal, the Matney Family Revocable Investment Management Trust (dated December 20, 1999) is alleged to be a beneficiary of

3

to provide the citizenship of each constituent entity of each member of TTS, LLC and therefore the Court must remand for lack of subject-matter jurisdiction. However, courts have allowed imperfect allegations of citizenship to be amended beyond the statutory thirty-day period for removal. E.g., Sheldon Good & Co. v. San Carlos Condominium Development, LLC, 2008 WL 5401648, at *1 (S.D. Ala. Dec. 29, 2008). Moreover, the Eleventh Circuit has recently stated that "[i]f a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission' as authorized by § 1653." Corporate Management Advisors, Inc. v. Artjen Compexus, Inc., Nos. 08-14606, 08-14607, 2009 WL 606455 at *3 (11th Cir. March 11, 2009) (emphasis added). Unlike the defendants in Washington Mutual Bank v. Schoenlaub, No. 3:07-cv-460-J-32MCR, 2007 WL 2572105 (M.D. Fla. Sep. 4, 2007), who failed to state what kind of entity the plaintiff was (e.g., a corporation or a limited liability company), as well as where the entity was incorporated (for a corporation) or what the citizenships of its members were (for a limited liability company), Defendants in the instant case clearly stated what kind of entity each defendant is, as well as the type of entity of each member of TTS, LLC. Their notice of removal also contains particularized, though incomplete, detail on the citizenships of the more than 43 members, among them LLCs, corporations, trusts, limited partnerships, and individuals, of defendant TTS, LLC. Thus, the Court is considering whether to grant Defendants leave to file their Amended Notice of Removal. However, there are still deficiencies which would need to be remedied.

---

the RC Matney Amended and Restated Living Trust (dated December 13, 1994) rather than a partner in the Matney Family Investment Business LP, as stated in the original Notice.

In their Amended Notice of Removal, Defendants list all the beneficiaries of the two trusts in question. (Doc. 20.) All are diverse from the Plaintiff. However, Defendants have not listed the beneficiaries (and citizenships) of the Irrevocable Trust of Lynn D. Moore dated March 18, 1997, known as the R.W.M. Dynasty Trust I. This trust is the sole member of Black Oak Holdings LLC, which is the sole member of Black Oak Capital LLC, which in turn is the sole member of Black Oak I, LLC, which is one of the forty-plus members of TTS, LLC. (Doc. 20.) Defendants rely on Navarro Savings Ass'n v. Lee, 446 U.S. 458 (1980) for the proposition that the citizenship of this trust is determined solely by its trustees. Navarro is distinguishable, however, because in that case involving a Massachusetts business trust, the individual trustees were suing in their own names. Navarro Savings Assoc., 446 U.S. at 459. As the Supreme Court noted a decade later, "Navarro had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." Carden v. Arkoma Associates, 494 U.S. 185, 192-93 (1990). In Carden, the Supreme Court "reject[ed] the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." Id. at 195 (internal quotations and citations omitted); see also Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1339 (11th Cir. 2002) (noting that "the citizenship of trust fund members is determinative of the existence of diversity of citizenship" and treating a business trust "as a citizen of each state in which one of its shareholders is a citizen") (internal quotations and citations omitted). In the present case, it is necessary to know who the beneficiaries of the R.W.M. Dynasty Trust I

are (and their citizenships) so that the citizenship of the trust can be determined based on all of its members.

Because of the reasoning given above, the Court will allow Defendants to file a proposed Second Amended Notice of Removal that details the citizenships of all the beneficiaries of the R.W.M. Dynasty Trust I, as well as sets forth all the other requirements of removal.  The Court will review this document and decide, first, whether to permit the amendment, and, second, whether Defendants have met the requirements of removal. Until then, the Court reserves ruling on whether to grant Defendants leave to file an amended notice of removal.

In addition, the proposed Second Amended Notice of Removal must clarify whether the beneficiaries of the RC Matney Amended and Restated Living Trust (dated December 13, 1994) number six or eleven (and their identities).  In the Amended Notice of Removal, Defendants allege in paragraph 10(s)(i)(2) that the RC Matney Amended and Restated Living Trust (dated December 13, 1994) has six individual beneficiaries and in paragraph 10(t)(ii) Defendants allege that this trust has eleven individual beneficiaries. (Doc. 20.)[7]. The proposed Second Amended Notice of Removal must also clarify whether the Matney Family Revocable Investment Management Trust (dated December 20, 1999) is a beneficiary of the RC Matney Amended and Restated Living Trust (dated December 13, 1994), as is alleged in the Amended Notice of Removal, or whether it is a member of the Matney Family

---

[7]The Court assumes that there are not two identically named and dated trusts.  If there are, an explanation to that effect should be included in the proposed Second Amended Notice of Removal.

6

Investment Business LP, as stated in the original Notice of Removal. Finally, the proposed Second Amended Notice of Removal must name the individuals (and their citizenships) in paragraph 10(kk) of the Amended Notice of Removal. (Doc. 20.)

Accordingly, it is hereby

**ORDERED**:

1. Defendants are given leave to file a proposed Second Amended Notice of Removal, which must be a complete and self-contained document, and an optional legal memorandum of no more than 5 pages no later than **May 15, 2009**. Plaintiff may, at its option, file a further supplemental memorandum of no more than 5 pages no later than **May 29, 2009.**

2. The Court will defer ruling on the Motion to Transfer Venue (Doc. 28) until it decides the motion to remand.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of April, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

a.
Copies:
counsel of record